352 So.2d 682 (1977)
STATE of Louisiana, Appellee,
v.
Isabelle TROMBINO, Appellant.
No. 59894.
Supreme Court of Louisiana.
November 14, 1977.
Rehearing Denied December 14, 1977.
Hilary J. Gaudin, New Orleans, Gerald Jeffers, Gretna, James O. Manning, Metairie, for defendant-appellant.
*683 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Roy F. Blondeau, Jr., Asst. Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Div., Asst. Dist. Atty., for appellee.
TATE, Justice.
The defendant was convicted of second degree murder, La.R.S. 14:30.1 (1975), and sentenced to life imprisonment. Upon her appeal, the defendant principally relies upon the alleged improper curtailment of her cross-examination of a state witness (Assignments 1 and 2).
Context Facts
The defendant, Mrs. Trombino, admittedly shot her husband to death in the family residence in the late afternoon. The evidence of both the state and the accused shows a series of quarrels between the two immediately earlier. Essentially, the wife defends on the ground of a justifiable homicide committed in self-defense. La.R.S. 14:20(1).
In support of this defense, based upon her claim of having been severely beaten immediately prior to the killing, she desired to introduce evidence of the decedent's dangerous character and of his prior threats against her. These are admissible in support of a plea of self-defenseprovided that, as preliminary proof, appreciable evidence shows that the victim committed an overt act against the accused sufficient to put the latter in reasonable apprehension of serious bodily harm. La.R.S. 15:482 (1952); State v. Green, 335 So.2d 430 (La.1976); State v. Lee, 331 So.2d 455 (La.1975).
Curtailment of Cross-Examination
Assignments 1 and 2 relate to the alleged improper curtailment of cross-examination of Detective Simons. The crossexamination concerned evidence that this investigating detective had secured of prior beatings of the wife by the husband.
The trial court sustained a state objection to such cross-examination. The objection was grounded on the failure to have shown an overt act prior to the cross-examination. However, the detective's own prior testimony on direct, Tr. 76, as well as on cross, Tr. 78, revealed that at the time of her arrest she had complained of a beating by her husband. (Likewise, an earlier state witness had testified to similar effect. Tr. 53.)
The trial court may have been in error in concluding that no appreciable evidence of an overt act existed at the time so as to justify the cross-examination: Whether the complaints of the beatings contemporaneous with the killing and arrest were introduced as res gestae or as admissions of the accused, they nevertheless could reasonably be considered as appreciable evidence so as to justify the cross-examination sought. (On the other hand, the evidence arguably showed only the naked fact of a prior beating, not whether it qualified as an "overt act" by its nature.)
Nevertheless, in any event, no reversible error occurred.
In the first place, the trial court merely sustained the objection at the time, but it ordered that the deputy be held for later cross-examination as to the issue, once the overt act was established to the court's satisfaction. Tr. 90. (Subsequently, when another state witness testified as to bruises on the accused's cheek and a bloody mark on her arm, the trial court then overruled the state's objection to similar cross-examination, because it was now satisfied that an overt act had been sufficiently shown. Tr. 100.) Detective Simons was never recalled by the defendant to complete his cross-examination, after the overt act was subsequently established to the court's satisfaction.
In the second place, as part of her defense, the accused was permitted to develop fully by other witnesses the various acts of prior aggression against her by her deceased husband. These incidents were the subject of Detective Simon's investigation of prior beatings as to which cross-examination was sought.
The ruling curtailing cross-examination, if erroneous, was not substantially prejudicial *684 to the accused. We find no reversible merit to these bills.
Sentence
By Assignment 3, the defendant complains that the sentence of life imprisonment should have been imposed as without benefit of parole, probation, or suspension of sentence for a period of only twenty years (instead of forty years, as imposed).
The homicide occurred in September, 1976. At that time, Act 380 of 1975, effective September 12, 1975 (prior to the offense), had amended La.R.S. 14:30.1 to provide, upon conviction, for a sentence of life imprisonment without eligibility for parole, etc., for a period of forty years. Accordingly, the sentence as imposed was in accordance with the penal statute in effect at the time of the crime.

Decree
Accordingly, we affirm the conviction and sentence.
AFFIRMED.